# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LIGHTSIDE TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VIZIO, INC., <br><br> Defendant. | Case No. 2:16-CV-01250-JRG-RSP <br><br> Honorable Rodney Gilstrap <br><br> Jury Trial Demanded |

## DEFENDANT VIZIO, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant VIZIO, Inc. ("VIZIO" or "Defendant"), by and through its undersigned counsel, responds to plaintiff Lightside Technologies, LLC's ("Lightside" or "Plaintiff") Complaint (the "Complaint") as follows:

### NATURE OF ACTION

1.      VIZIO admits that Lightside asserts an action for patent infringement arising under the patent laws of the United States.  VIZIO denies that this action has any merit or that Lightside is entitled to the relief sought.  VIZIO admits that Kinya Washino is listed as the sole inventor on the face of U.S. Patent Nos. 8,842,727 ("the '727 patent") and 6,370,198 ("the '198 patent") (collectively the "patents-in-suit").  VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the inventions or inventorship of the asserted patents, and such statement has the effect of a denial.  Except as expressly admitted herein, VIZIO denies the allegations of Paragraph 1.

### PARTIES

2.      VIZIO lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 2, and such statement has the effect of a denial.

3. VIZIO, Inc. admits that it is a corporation organized under the laws of California, with its principal place of business at 39 Tesla, Irvine, CA 92618. VIZIO denies the remaining allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. VIZIO admits the allegations of Paragraph 4.

5. VIZIO admits that venue is proper in this Court according to the current interpretation of the venue provisions set forth by 28 U.S.C. §§ 1391 and 1400. Notwithstanding the foregoing, VIZIO expressly reserves its rights to object to venue in this District should a different interpretation of these venue provisions be adopted. *See, e.g., In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016), *cert. granted*, *TC Heartland LLC v. Kraft Food Brands Group LLC,* --- S. Ct. ---, 2016 WL 4944616 (Dec. 14, 2016). Further, VIZIO denies that it has committed acts of patent infringement in this District. VIZIO also denies that this District is the most convenient venue.

6. VIZIO admits that this Court has personal jurisdiction over VIZIO with respect to this action. VIZIO admits that its products are available for purchase in the State of Texas and the Eastern District of Texas. Except as expressly admitted herein, VIZIO denies the allegations of Paragraph 6.

## THE PATENTS-IN-SUIT

7. VIZIO admits that the '727 Patent lists an issue date of September 23, 2014 on its face, is entitled "Wide-Band Multi-Format Audio/Video Production System with Frame-Rate Conversion," and lists Kinya Washino on its face as the only inventor. Except as expressly admitted herein, VIZIO denies the allegations of Paragraph 7.

8. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of

the allegations of Paragraph 8, and such statement has the effect of a denial.

9. VIZIO denies the allegations of Paragraph 9.

10. VIZIO admits that the '198 Patent lists an issue date of April 9, 2002 on its face, is entitled "Wide-Band Multi-Format Audio/Video Production System with Frame-Rate Conversion," and lists Kinya Washino on its face as the only inventor. Except as expressly admitted herein, VIZIO denies the allegations of Paragraph 10.

11. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11, and such statement has the effect of a denial.

12. VIZIO denies the allegations of Paragraph 12.

## FACTUAL ALLEGATIONS

13. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13, and such statement has the effect of a denial.

14. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14, and such statement has the effect of a denial.

15. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15, and such statement has the effect of a denial.

16. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 16, and such statement has the effect of a denial.

17. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17, and such statement has the effect of a denial.

18. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18, and such statement has the effect of a denial.

19. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19, and such statement has the effect of a denial.

20. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20, and such statement has the effect of a denial.

21. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21, and such statement has the effect of a denial.

22. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22, and such statement has the effect of a denial.

23. VIZIO admits that it is a consumer electronics company. VIZIO denies the remaining allegations of Paragraph 23.

24. VIZIO admits that it sells flat screen televisions with the D-Series, E-Series, M-Series, P-Series, and Reference Series designations. VIZIO denies that any of its products infringe the asserted patents. Except as expressly admitted herein, VIZIO denies the allegations of Paragraph 24.

### The '727 Patent - Method Claims

25. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25, and such statement has the effect of a denial.

26. VIZIO denies the allegations of Paragraph 26.

27. VIZIO denies the allegations of Paragraph 27.

28. VIZIO denies the allegations of Paragraph 28.

29. VIZIO denies the allegations of Paragraph 29.

30. VIZIO denies the allegations of Paragraph 30.

31. VIZIO denies the allegations of Paragraph 31.

### The '727 Patent - Apparatus Claims

32. VIZIO lacks sufficient knowledge or information to form a belief as to the truth

the allegations of Paragraph 32, and such statement has the effect of a denial.

33. VIZIO denies the allegations of Paragraph 33.

34. VIZIO denies the allegations of Paragraph 34.

35. VIZIO denies the allegations of Paragraph 35.

36. VIZIO denies the allegations of Paragraph 36.

37. VIZIO denies the allegations of Paragraph 37.

38. VIZIO denies the allegations of Paragraph 38.

39. VIZIO denies the allegations of Paragraph 39.

40. VIZIO denies the allegations of Paragraph 40.

41. VIZIO denies the allegations of Paragraph 41.

42. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42, and such statement has the effect of a denial.

### The '198 Patent

43. VIZIO lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43, and such statement has the effect of a denial.

44. VIZIO denies the allegations of Paragraph 44.

45. VIZIO denies the allegations of Paragraph 45.

46. VIZIO denies the allegations of Paragraph 46.

47. VIZIO denies the allegations of Paragraph 47.

48. VIZIO denies the allegations of Paragraph 48.

### COUNT I

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,842,727

49. VIZIO realleges and incorporates by reference its answers to Paragraphs 1-48 above, as if fully set forth herein.

1295476.1

50. VIZIO denies the allegations of Paragraph 50.

51. VIZIO denies the allegations of Paragraph 51.

52. VIZIO denies the allegations of Paragraph 52.

53. VIZIO denies the allegations of Paragraph 53.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,370,198

54. VIZIO realleges and incorporates by reference its answers to Paragraphs 1-53 above, as if fully set forth herein.

55. VIZIO denies the allegations of Paragraph 55.

56. VIZIO denies the allegations of Paragraph 56.

57. VIZIO denies the allegations of Paragraph 57.

58. VIZIO denies the allegations of Paragraph 58.

## AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, VIZIO asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Lightside.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

59. Lightside's Complaint fails to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Non-Infringement of the '727 and '198 Patents)**

60. VIZIO has not infringed, either directly, contributorily, or by inducement, any claim of the '727 or '198 Patents, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
**(Invalidity of the '727 and '198 Patents)**

61. The claims of the '727 and '198 Patents are invalid and unenforceable for failure to meet one or more of the conditions of patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

### FOURTH AFFIRMATIVE DEFENSE
**(Prosecution History Estoppel for the '727 and '198 Patents)**

62. On information and belief, by reason of prior art and the proceedings in the United States Patent and Trademark Office during the prosecution of the applications, and all applications to which the '727 and '198 Patents, including without limitation, amendments, representations, concessions, and admissions made by or on behalf of the applicant, Lightside is estopped from asserting that the claims of the '727 and '198 Patents cover and include the devices, methods, or acts of VIZIO under the doctrine of equivalents.

1295476.1

### FIFTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

63.     Lightside is not entitled to an injunction because Lightside has an adequate remedy at law and no basis exists for the grant of equitable relief.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

64.     On information and belief, Lightside and/or the prior assignees of the '727 and '198 Patents delayed filing suit for an unreasonable and inexcusable length of time from when they knew or reasonably should have known of VIZIO's allegedly infringing products.  This delay has prejudiced and injured VIZIO.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark or Provide Notice)

65.     On information and belief, Lightside is limited in its rights to seek damages due to a failure to mark products covered by the '727 and '198 Patents or otherwise provide notice of alleged infringement of the '727 and '198 Patents to VIZIO.

### RESERVATION OF ADDITIONAL DEFENSES

66.     Discovery in this action has not yet commenced, and VIZIO continues to investigate the allegations set forth in the Complaint.  VIZIO specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, VIZIO respectfully requests:

1. That the Complaint be dismissed in its entirety, with prejudice;

2. That Lightside take nothing by way of its Complaint;

3. That this case be found exceptional pursuant to 35 U.S.C. § 285; and

4. That VIZIO be awarded its reasonable costs and attorney fees and such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, VIZIO respectfully demands a trial by jury on all issues so triable.

DATED:  January 19, 2017

By: /s/ Charles C. Koole
Adrian M. Pruetz
Cal. Bar No. 118215 (admitted in E.D. Texas)
Charles C. Koole
Cal. Bar No. 259997 (admitted in E.D. Texas)
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067
Phone: (310) 553-3000
Fax:    (310) 556-2920
Email: apruetz@glaserweil.com
Email: ckoole@glaserweil.com

*Counsel for Defendant*
*VIZIO, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on January 19, 2017.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

    /s/ Charles C. Koole
    Charles C. Koole

1295476.1